

# THE ATTORNEY GENERAL
## OF TEXAS

March 4, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Steven E. Cone, Jr.　　　　Opinion No. JM-868
Chairman
Texas Aeronautics Commission　Re: Whether an air carrier
P. O. Box 12607　　　　　　　operating on an interstate
Austin, Texas 78711　　　　　or international basis is
　　　　　　　　　　　　　　exempt from the provisions
　　　　　　　　　　　　　　of article 46c-6, V.T.C.S.,
　　　　　　　　　　　　　　and related questions
　　　　　　　　　　　　　　(RQ-1201)

Dear Mr. Cone:

　　　You ask our opinion on several questions concerning the authority of the Texas Aeronautics Commission over interstate air carriers. We follow each of your questions with our answer. In view of our answers to your first two questions, we need not address any of the others.

<u>Question One</u>: Does the definition of the term "air carrier" in the Texas Aeronautics Act, article 46c-1 <u>et seq.</u>, V.T.C.S., exempt air carriers operating on an interstate or international basis from the provisions and requirements of carriers subject to the Aeronautics Act as set forth in subdivision 3(a)-(g) of article 46c-6, V.T.C.S?

<u>Answer to Question One</u>: Article 46c-1(e) of the Texas Aeronautics Act defines "air carrier" to mean

> every person owning, controlling, operating or managing any aircraft as a common carrier in the transportation of persons or property for compensation or hire which conducts all or part of its operations in the State of Texas; <u>provided that the term 'air carrier' as used in this Act shall not include, and this Act does not apply to, air carriers carrying passengers or property as common carriers for compensation or hire in commerce between a place in this state and a</u>

<u>place outside of this state</u>. (Emphasis added.)

V.T.C.S. art. 46c-1(e).

Thus, <u>no</u> provision of the Texas Aeronautics Act applies to entities carrying passengers or property as a common carrier for hire between any point in Texas and any point outside of the state. The statute quoted above twice states that interstate carriers are beyond the reach of the Texas Aeronautics Act. None of the provisions of subdivision 3 of article 46c-6 of the Act -- which grants the Aeronautics Commission the power to "promulgate and administer economic rules and regulations over air carriers," including the authority to provide the certification necessary to operate an air carrier -- apply to such entities. <u>See generally</u> V.T.C.S. art. 46c-6, subdiv. 3 (a)-(g).

<u>Question Two</u>: Does the following provision in subdivision 3(b) of article 46c-6 apply to air carriers originally granted certification by the Texas Aeronautics Commission to operate <u>solely</u> on an intrastate basis but that are now operating on an interstate basis:

> No air carrier shall operate as such, after this Act goes into effect, without having first obtained from the Commission a certificate; provided, however that all operating rights and privileges granted to any air carrier by the Commission prior to the passage of this Act shall continue in effect, authorizing the same service under the same terms and conditions as previously granted by the Commission.

<u>Answer to Question Two</u>: We assume that your question is based on a factual situation involving an air carrier which begins operations only to serve intrastate points, but later begins service between points inside and outside of the state. Again, the statute is unambiguous. Any entity that at any time carries passengers or property as a common carrier for hire between a place in Texas and a place outside of Texas is not an "air carrier" as defined by the Act. It is not subject to <u>any</u> provision of the Act.

We note that the redundant language in article 46c-1(e) of the Act is not accidental. A section-by-section analysis of the legislation adding the language

to the Aeronautics Act (see Acts 1981, 67th Leg., ch. 767, §1, at 2858) notes that the precise purpose of the amendatory phrase was to "exemp[t] air carriers who carry passengers or property for commercial compensation between Texas and a place outside of Texas." Bill Analysis to C.S.S.B. No. 403, prepared for Senate Committee on Government Organization, 67th Leg. (1981).

Thus, the Act does not reach entities offering interstate air service. They are outside of the jurisdiction of the Commission even if they offer some service solely between points within Texas. The Commission has no jurisdiction over interstate carriers and has no authority to impose any burden on or extend benefits to them under the Texas Aeronautics Act.

## S U M M A R Y

The Texas Aeronautics Act, article 46c-1 et seq., V.T.C.S., does not apply to entities carrying passengers or property as common carriers for compensation or hire in commerce between a place in this state and a place outside of this state. The Commission has no jurisdiction over interstate carriers and has no authority to impose any burden on or extend any benefit to them under the Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General